# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE VANDEVEIRE, et al., | : |
| Plaintiffs, | : Civil Action No. 13-4033 (DMC) |
| v. | : MEMORANDUM OPINION |
| GEORGE WILLIAM NEWMARCH, et al., | : |
| Defendants. | : |

**CLARK, Magistrate Judge**

This matter comes before the Court upon Plaintiffs Marie, William and Lucille Vandeveire's ("Plaintiffs") motion for leave to conduct jurisdictional discovery [Docket Entry No. 11] in response to motions to dismiss filed by both Defendant George William Newmarch ("Newmarch") [Docket Entry No. 9] and Jacqueline Melvin Mclean ("Mclean") (collectively, "Defendants") [Docket Entry No. 6]. Defendants oppose Plaintiffs' motion. [Docket Entry Nos. 15, 18]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiffs' motion. The Court considers Plaintiffs' motion without oral argument pursuant to L.CIV.R. 78.1(b). For the reasons set forth more fully below, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART, Newmarch's motion to dismiss is ADMINISTRATIVELY TERMINATED and it is RECOMMENDED that Mclean's motion to dismiss be GRANTED.

**I.  Background and Procedural History**

This is a negligence action, here on diversity, stemming from a three-car accident which

occurred on Interstate 95 North in North Carolina. (*Compl.* at 1; Docket Entry No. 1). Plaintiffs allege that they have sustained "serious and continuing physical and emotional injuries." (*Id.* at ¶26). Plaintiffs claim that Newmarch, a professional truck driver, negligently merged onto I-95, causing Mclean to negligently swerve into Plaintiffs' lane, resulting in a collision. (*Id.* at ¶¶15-16, 24). Plaintiffs have alleged that Newmarch is a resident of Florida and that Mclean is a resident of North Carolina. (*Id.* at ¶¶5-6). Both Defendants have moved to dismiss Plaintiffs' complaint on the grounds of lack of personal jurisdiction and *forum non conveniens*. Plaintiffs have responded with the instant motion, seeking to conduct limited discovery to establish a jurisdictional nexus between the District of New Jersey and Defendants.

## II. Legal Standard

The Third Circuit has stated that although the plaintiff bears the burden of establishing personal jurisdiction, "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiffs claim is 'clearly frivolous.'" *Toys "R" Us, Inc. V. Step Two S.A.,* 318 F. 3d 446, 456 (quoting *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir.1997)). As such, Courts should grant leave to conduct jurisdictional discovery where the plaintiff "presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.'" *Id.* (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992)). However, jurisdictional discovery should not serve as "a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Nagel Rice, LLP v. Coffman*, 2013 U.S. Dist. LEXIS 75517 (D.N.J. May 1, 2013) (quoting *LaSala v. Marfin Popular Bank Public Co., Ltd*., 410 Fed. Appx. 474, 478 (3d Cir. 2011)).

**III.    Arguments**

Plaintiffs seek limited discovery to discern "whether [Defendants] availed themselves to New Jersey's jurisdiction through sufficient contacts within the state." (*Plaintiffs' Brief in Support* at 1; Docket Entry No. 11-1).   Plaintiffs aver that, despite diligent efforts, they have been unable to obtain information necessary to establish jurisdiction.   With respect to Newmarch, Plaintiffs note that Newmarch has a trucking business based in Florida and argue that "New Jersey is home to one of the heaviest concentrations of commercial activity in the world" and further argue that "i[t] is within the realm of reasonable possibilities that Defendant's trucking business brought him into and through the State of New Jersey – possibly on multiple occasions." (*Id.* at 4).   Plaintiffs seek to discover "the original and final destination of Newmarch's trip, itineraries, business contracts and agreements, his employment as a truck driver and any existing relationships within New Jersey's transportation industry." (*Id.*)   This information, Plaintiffs submit, is necessary for Plaintiffs to sustain their burden of establishing personal jurisdiction.

Likewise, Plaintiffs contend that jurisdictional discovery is also appropriate with respect to Mclean and argue that granting discovery as to one defendant and not the other would be prejudicial to Plaintiffs. (*Id.* at 6).   In sum, Plaintiffs request 90 days for discovery and 20 days after the conclusion of that period within which to respond to the pending motions.

Defendant Mclean has submitted an opposition to Plaintiffs' motion.[1]   Mclean argues that there exists nothing in Plaintiffs' complaint which would "suggest that Ms. Mclean has any contacts with the state of New Jersey." (*Mclean's Brief in Opposition* at 2; Docket Entry No. 15).   Furthermore, Mclean notes that "Plaintiff's injuries do not arise out of any contact or activity [that

---

[1] The Court notes that on October 7, 2013 – the return date of the instant motion – counsel for Newmarch filed a letter joining in to Mclean's opposition.   Opposition papers were due on September 23, 2013 and as such, the Court shall disregard same for being untimely filed.   Moreover, the Court finds that the arguments made in Mclean's opposition are inapposite with respect to Newmarch for the reasons stated in this Opinion.

-3-

Mclean] had with New Jersey." (*Id.* at 2). As such, Mclean claims that jurisdictional discovery "will not alter the outcome" as "there is no fact which tends to show any connection with New Jersey." (*Id.* at 1).

Plaintiffs reply by reiterating that it is "reasonable to expect contacts between [Newmarch] and New Jersey" as "Newmarch was traveling in a commercial vehicle north on I95." (*Plaintiffs' Brief in Reply* at 1; Docket Entry No. 16). Plaintiffs then present the argument that, under the entire controversy doctrine, there is an obligation to include both Mclean and Newmarch in the same lawsuit. (*Id.* at 2). As such, Plaintiffs claim that the "discernible possibility of establishing jurisdiction over Newmarch" is enough to keep Mclean in the case, "at least through the conclusion of jurisdictional discovery[.]" (*Id.* at 3-4).

## IV. Discussion

The Court finds that Plaintiffs have not presented factual allegations that suggest with reasonable particularity the possible existence of continuous and systematic contacts with New Jersey with respect to Mclean. *See Kinekt Design, LLC v. One Moment in Time, LLC*, 2013 U.S. Dist. LEXIS 102448 at *6 (D.N.J. July 22, 2013). Mclean is a resident of North Carolina, and the accident occurred within the State of North Carolina. There are no facts pled which suggest that jurisdictional discovery would lead to any facts linking Mclean to New Jersey. Additionally, the Court finds that the entire controversy doctrine is inapplicable to the instant motion. Plaintiffs are not being prevented from bringing their claims in one action. "In a suit with multiple defendants, the court must have personal jurisdiction over each defendant." *Lighting One, Inc. v. Spring City Elec. Mfg. Co.*, 2007 U.S. Dist. LEXIS 50019 at *5 (D.N.J. July 10, 2007) (quoting *Waste Mgmt., Inc. v. Admiral Ins. Co.,* 138 N.J. 106, 649 A.2d 379, 389 (N.J. 1994)). In this regard, the

concerns raised by Plaintiffs with respect to prejudice are without merit. As such, Plaintiffs' motion with respect to Defendant Mclean is denied.

The Court realizes that the practical effect of denying jurisdictional discovery with respect to Mclean essentially finds that this Court has no personal jurisdiction over her. "Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction." *D'Jamoos v. Pilatus Aircraft Ltd*., 566 F.3d 94, 102, (3d Cir. 2009), *citing Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). As noted herein, no facts have been pled which suggest that Mclean has any ties to the State of New Jersey. As such, the Court finds that Plaintiffs have not sustained the requisite burden and shall recommend that the District Court grant Mclean's motion to dismiss for lack of personal jurisdiction.

However, the Court is persuaded that jurisdictional discovery is appropriate and warranted as to Defendant Newmarch. As Plaintiffs correctly note, New Jersey is a large hub for commercial activity and I-95 runs through the length of the State. Newmarch is a professional truck driver who was driving a commercial vehicle at the time of the accident. This fact makes it reasonable to conclude that Newmarch may have some connection to this State. Moreover, Newmarch has not submitted any substantive opposition, nor any affidavit, certification or other argument stating that his business has no connection to New Jersey. As such, the Court finds that jurisdictional discovery is the appropriate vehicle for determining same. However, the Court declines to grant Plaintiffs' request for 90 days and instead shall impose a jurisdictional discovery period of **sixty (60) days**. At this time, the Court shall also administratively terminate Newmarch's Motion to Dismiss without prejudice, with leave to re-file at the conclusion of the

discovery period.

## V. Conclusion

For the reasons set forth above, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART, Newmarch's motion to dismiss is ADMINISTRATIVELY TERMINATED and it is respectfully RECOMMENDED that Mclean's motion to dismiss be GRANTED.   An appropriate Order and Recommendation accompanies this Opinion.


Dated: November 15, 2013

s/   James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**